Orville D. Heiny and Mary D. Heiny v. Commissioner.
Heiny v. Commissioner
Docket No. 5295-68.
United States Tax Court
T.C. Memo 1969-222; 1969 Tax Ct. Memo LEXIS 72; 28 T.C.M. (CCH) 1177; T.C.M. (RIA) 69222; October 20, 1969, Filed Francis J. Feeney, Jr., and Victor S. Pfau, 606 Merchants Bank Bldg., Indianapolis, Ind., for the petitioners. James J. McGrath, for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in Federal income tax for the taxable year 1965 in the amount of $227.99. The only issue presented is whether Orville D. and Mary D. Heiny (hereinafter referred to as petitioners) are entitled to dependency exemptions under section 151, I.R.C. 1954, [1] for Orville's two sons by a previous marriage. *73 Petitioners resided in Martinsville, Indiana at the time the petitioner herein was filed. They filed their joint Federal income tax return for taxable year 1965 with the district director of internal revenue at Indianapolis, Indiana. They claimed two dependency exemptions for Orville's sons by a previous marriage. The Commissioner denied these exemptions thereby giving rise to the deficiency asserted herein. During taxable year 1965, the two sons, Jeffrey and Gregory Heiny, who were 12 and 8 years of age respectively, lived with their natural mother, Elizabeth Elliot Heiny. Both the petitioners and Elizabeth contributed to the support of the boys in 1965. Section 151 of the Code allows as a deduction an exemption of $600 for each dependent, and a son is a qualifying 1178 dependent under section 152. The exemption is allowed to that taxpayer who provides more than half the support of the dependent during the taxable year. On the record before us, we find, that the total amount of support for the two boys was at least $2,876. Of that amount, petitioners claim to have supplied only $1,300 which is less than that required by the Code. Since there is no testimony showing support *74 furnished by persons other than petitioners or Elizabeth, it follows that petitioners are not entitled to the exemptions. Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩